it was decided by the union and UPS that testimony against him and the panel consists of the UPS well specifically say that the union appointed members were against him I believe it says it was three on each side decided the decision that's my understanding fundamentally if the court affirms the lower court decision it's a miscarriage of justice mr. Felton did not have his day in court and the false statements that came to light after his the dismissal of Felton one should necessitate reanalyzing whether representation actually occurred separately mr. Felton did at all times maintain that he was owed back pay and was probably improperly terminated without that back pay and let go for a cardinal infraction whereas there's nothing in the record to support that there was really any violation of the means and methods let and let alone there was a cardinal infraction required immediate dismissal without pay all right thank you thank you thank you next case United States versus Jordan thank you your honors may it please the court my name is Evan Bianchi and I along with my colleague Jim Glasser represent mr. Dylan Jordan as court appointed CJA appellate counsel your honors the district court aired when it sentenced mr. Jordan to more than double the guidelines range it justified that significant variance in part on mr. Jordan's prior Cuban conviction which had said demonstrated mr. Jordan was likely to recidivate and needed to be individually deterred from further crimes but the district court reached that conclusion after finding that the Cuban conviction was not indicative of his likelihood to recidivate you you make that conclusion from the fact the judge just said in a very general way I know I have the authority to depart I departure which is probably I would think if I checked out his transcript of judge Cronin sentencing it's probably standard in his sentences to say that why would we conclude that he necessarily considered a specific departure that was never raised by either side the law is that a judge is not required to consider sui spondae every single possible departure and the law is the judge can skip to the 35 53 day factors and impose a higher sentence without considering whether a departure applies or not so in light of the law that he doesn't have to consider every one and could give a higher sentence without even analyzing that why should we assume that he without any commentary whatsoever considered this specific departure your honor we take the district court at his word which is that he quote considered whether there was an appropriate basis for departure there's there's dozens and dozens of departures that doesn't tell us whether he considered this one right no but this one would be a logical one to consider given that there was logical if nobody raised it it'd be logical because the record indicated that there was a it was dubious but there was some idea of a foreign conviction even if he considered it and he said there's not enough under that you're saying under the law we're going to have a holding that says if you decide something is insufficient to justify departure that you cannot consider it among multiple things under the 35 53 factors is that what you're telling us your honor that's not our argument our argument is that with this particular with under 35 53 a the specific factors that the judge considered the foreign conviction for were the likelihood of recidivism sorry recidivization and the need for individual deterrence both of those factors are considerations under for a one point so mr. Jordan in his own sentencing memo in footnote 9 says the system with the terms of the plea agreement mr. Jordan is not seeking adjustments or departures based upon any equities set forth herein his sentencing request is based upon the factors at 35 53 a any cases cited in support of his request are submitted in support of his 35 53 a arguments though some of the cases discuss and rely upon departures they are cited to demonstrate the mitigating nature of mr. Jordan's characteristics and not the applicability of a guidelines departure right so he says that and it seems to me it does a few things it says the parties would read not to request departures so that's what they said up front he's saying that that doesn't prevent him from asking for a variance and that in fact both parties are doing that and he cites cases that are decided in the context of departures as a basis for having a variance so he's saying that there's a reason not to request a departure but that you can still consider the exact same factors you would consider in the context of departures as a basis for a variance doesn't that isn't that just totally contrary to the position you're now taking on appeal no your honor we are not saying that the same factors can't be used under a departure analysis and under a variance analysis what we're saying is that when there's a factual finding about a specific fact and what it means in this case a specific factual finding that he made in denying and not giving an upward departure what was the specific factual finding the record did your honor we would point to to that portion 139 140 of the appendix when he said that he considered the whether there was an appropriate basis for departure and found that there wasn't that's a finding that your client doesn't need to be deterred and he can't consider individual deterrence than under the 3553 a factors your honor specifically as to whether his foreign conviction indicates that need for individual we said when a judge didn't impose a perjury enhancement under the guidelines the two-point enhancement but then on the 3553 a factor said increasing your sense in part because you committed perjury we said that's okay that you don't have to impose the guideline enhancement under your theory that would be inconsistent to not give the perjury enhancement but then rely on that under 30 for the 58 factors right your honor again we weren't we that's closer to what you're arguing because it was actually a finding that there was not a sufficient basis for perjury where here inferring that from a very broad statement and even then we said that that was okay your honor I think that it's I think that it's a contradictory statement in this case to say that there's no I just read to you contradictory to say I'm not imposing the enhancement for lying during the trial but I'm going to increase your sentence under 35 to 38 for doing that your honor I'm not familiar with the facts of that case however I would say that you know again not knowing them here I do think that there is a direct contradiction in that case if the judge to was saying you know there is no factual basis to apply a departure but there is a factual basis on the exact same grounds to apply variance I would be an issue the very first ground for a departure under the guidelines is 5k 2.0 a 1 which says you can depart from the applicable guideline range if in the case of offenses other than child crimes and sexual offenses the court finds pursuant to 3553 be one that there exists an aggravating or mitigating circumstance right so you're saying that when the district court said I find that there are no grounds for a departure he found it was a find that there was no aggravating or mitigating circumstance at all in the entire case and so would not have been able to very upward or downward based on an aggravating or mitigating circumstance you're under under our theory that's right however I think that it's especially concerning but mr. Jordan was asking him or sorry yeah mr. Jordan was asking him to consider mitigating circumstances wasn't he well your honor I think that irrespective of any other types of departure analysis that could have been conducted here with respect to 4a 1.3 it's particularly problematic because the record shows that any evidence or any record about his foreign conviction was incredibly dubious at best so putting aside what does it have to do with the purported contradiction between his statement that there's no grounds for a departure and his statement that he wants to vary upward yeah we think that it's a we think that it's just irrelevant we don't think that bears on the error that the district court made here which was to make a factual finding about what that foreign conviction meant and then to turn around only moments later and to use that same foreign conviction in the same way that it just previously determined it could not be used the problem you're identifying is that the district court said I find there no grounds for a departure but if he just said I've decided not to depart then everything would be fine yes your honor it would be fine because we're not contesting that the district court has discretion in when there is a factual basis a district court of course has discretion to apply or not to apply certain departures including elaborate on any of the findings why should we just understand what the district court did to be exactly that to say I'm not going to do it especially because the agreement would between the parties was not to seek a departure right yeah I think that it's an assumption that but this court would have to make and this court has said that in those types of circumstances it's easier to remand in the first instance to have the district court itself clarify well that's if we're confused as to what the district was thinking you really think it's a reasonable reading of this record the district court actually found that the foreign conviction was not a basis for a departure we decided it was a basis for a variance we do your honor that that those are the district courts words and we we believe that they should be read strictly all right thank you thank you we have from the government mr. nice may please the court my name is Ryan nice I'm an assistant United States attorney in the Southern District of New York and I represent the United States in this appeal I did not represent the government below this court should affirm the district court because mr. Jordan fails to meet his burden to demonstrate any of the four prongs of the plain error analysis as the court has demonstrated through its questioning this appeal rests on a misunderstanding of what about what happened before the district court mr. Jordan has latched on to a stray boilerplate comment made by the district court that is I suspect not only standard in Judge Cornyn's courtroom but in every court in the circuit about the district court acknowledging its authority to depart but declining to do so mr. Jordan is characterized saying that he has authority to depart I declined to do so he actually does say I find that there are no grounds for a departure right isn't that inconsistent with then saying varying upward based on a ground that would be a ground for a departure I think your honor as you suggested moments ago the the record on appeal should be read in its entirety and interpreted for the clear import of the district courts means it is an inconsistency it's just that we know what he meant which wasn't that he had actually found that there were no just was deciding not to depart right I wouldn't characterize it as an inconsistency I would consider characterized mr. Jordan's argument as a as a hyper technical reading of the district courts phrasing I agree it could be somewhat clearer but I think reading the the district courts reasoning for this imposing the sentence that it did as a whole makes clear what the district court was doing here which was simply declining to depart and doing what district courts do every day and regularly which is to decline to go through a lengthy and often unnecessary departure analysis when instead it could simply describe its reasoning under the 3553 a factors as indeed it is required to do so there's no basis in finding error here certainly not plain error if the panel has any other questions I'm happy to answer them but otherwise the government is happy to rest on its brief so if it's your court did think that the shouldn't have applied the departure the district court was not required to apply any form of departure analysis even if it would have thought hypothetically that departure could have applied it could simply decline to depart at all and then consider the same factor or other factors in its 3553 a factor analysis and that is what the district court did here thank you thank you your honors as as my friend just just conceded you know the language that the district court could have been clear we think that it actually was very clear that there was a contradiction here and we think exactly conceded he said that you had a hyper technical interpretation of the district courts language he did say it could be clear but we think that that's we think that that's especially troubling here where the extent of the variance was not a three month five month variance it was a variance that exceeded the high end by more than twice and the low end which probation had actually recommended by almost three times we think that it's especially troubling as well given the totality of the circumstances that the district court was considering under 3553 a clearly the the likelihood of mr. Jordan to commit further crimes was a big portion of the judges analysis and there was a mountain of mitigating evidence on the other side the most probably the strongest piece of it mr. Jordan Jordan's own voluntary withdrawal from the conspiracy which as the Supreme Court stated in Gaul is strong evidence that there is no likelihood to recidivate all right thank you both for reserve decision have a good day